UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:25-cv-01542 TLN SCR P<br><br><br>ORDER |

Plaintiff is incarcerated in a county jail[1] and proceeds pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On February 24, 2025, plaintiff filed the operative complaint in Sacramento County Superior Court, alleging violations of the U.S. Constitution and California state law. On June 2, 2025, defendants paid the filing fee in this court and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this federal district court. (ECF No. 1.)

Pending before the undersigned is defendants' request for screening pursuant to 28 U.S.C. § 1915A. (ECF No. 4.) The undersigned finds that jurisdiction is proper under 28 U.S.C. § 1331 and grants defendants' request. For the reason set forth below, plaintiff's complaint fails to state any cognizable claims for relief. Plaintiff will be given thirty (30) days to file an amended complaint.

---

[1] As explained below, it appears plaintiff was a pretrial detainee during the events underlying the complaint.

1

# REMOVAL

Except as otherwise expressly provided by Congress, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have an independent obligation to examine their own jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990).

"The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, *inter alia*, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, liberally construed, plaintiff's complaint alleges that defendants violated his Fourteenth Amendment procedural due process rights during a prison disciplinary proceeding and grievance investigation, respectively. (ECF No. 1 at 7-10). Accordingly, plaintiff has raised a federal due process claim over which this court has jurisdiction. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). The undersigned will also exercise supplemental jurisdiction over plaintiff's state law claims, given they appear "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Having concluded that federal question jurisdiction exists, the undersigned turns to the screening of the complaint.

# STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

1  performing this screening function, the court must dismiss any claim that "(1) is frivolous,
2  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
3  from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous
4  when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325
5  (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless
6  legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical
7  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
8  factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

9  In order to avoid dismissal for failure to state a claim a complaint must contain more than
10  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
11  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
13  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
14  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
15  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
17  considering whether a complaint states a claim, the court must accept the allegations as true,
18  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
19  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S COMPLAINT

### I.  Factual Allegations Regarding Rules Violation Report and Hearing

The events underlying plaintiff's complaint occurred at the Sacramento County Jail.  The complaint names four defendants: (1) Sacramento County Sheriff's Department ("SCSD"); (2) Sheriff J. Cooper, sued in his official capacity;[2] (3) Sgt. Rose in his official and individual capacities; and (4) Deputy Toscano, in his official and individual capacities.  (ECF No. 1 at 5.)

The complaint alleges that on September 23, 2024, in the dayroom of the 300 pod,

---

[2] The undersigned infers Sheriff Cooper is sued in his official capacity because plaintiff marked him as a "public entity" as opposed to a natural person.  (See ECF No. 1 at 6.)

1  defendant Deputy Toscano informed plaintiff that he had a "write-up" and requested plaintiff to
2  sign-off.  (ECF No. 1 at 8, ¶¶ 1, 4.)  Plaintiff refused.  Defendant Toscano documented plaintiff's
3  refusal and told plaintiff he would "make a copy of [the write-up] and give you a copy later."
4  (Id., ¶ 2.)  Defendant Toscano did not give plaintiff a copy as he indicated he would.  (Id., ¶ 3.)
5    On September 24, 2024, defendant Sgt. Rose, accompanied by nondefendant Deputy
6  Banks, contacted plaintiff about the hearing for the rule violation report ("RVR"), #IR240028342.
7  (ECF No. 1 at 8, ¶ 6.)  Sgt. Rose asked plaintiff if he had received a copy of the write-up, to
8  which plaintiff responded, "No, I have not."  Sgt. Rose respond, "Okay, I'll give you a copy
9  now," but proceeded to read the RVR allegations and did not give plaintiff a copy.  (Id., ¶¶ 7-8.)
10  Sgt. Rose proceeded with the hearing, found plaintiff guilty, and imposed multiple disciplinary
11  punishments, including a loss of three days good time credits at sentencing.  (Id., ¶ 9.)  Defendant
12  Rose violated his duties to be impartial and provide plaintiff with due process during the hearing.
13  (Id. at 9, ¶ 16.)
14    On September 25, 2024, plaintiff received a copy of the RVR report and Sgt. Rose's
15  "Applied Sanctions" for the first time.  (ECF No. 1 at 8-9, ¶ 10.)  On September 29, 2024,
16  plaintiff for the third time asked defendant Toscano for a copy of the original write-up.  (Id. at 9,
17  ¶ 11.)  Defendant Toscano issued plaintiff an "Involved Party Report – Internal Use Only" copy
18  of the write-up and the hearing details.  (Id., ¶ 12.)  In the Inmate Interview section of the
19  document, defendant Rose falsely documented that "the inmate stated they had received a copy."
20  (Id., ¶ 13.)  This statement was not included in plaintiff's sanctions report dated September 25,
21  2024.  (Id., ¶ 14.)  Plaintiff alleges that defendants Rose's and Toscano's actions were negligent
22  and deprived him of due process.  (Id., ¶¶ 15-19.)
23  **II.    Allegations Regarding Plaintiff's Grievances**
24  Plaintiff alleges that SCSD has a duty to provide an appeal or grievance process to contest
25  disciplinary actions, including a duty to provide an initial response to grievances in 15 days.
26  (ECF No. 1 at 10, ¶¶ 20-21.)  On September 25, 2024, and September 29, 2024, plaintiff filed two
27  separate grievances regarding defendants Rose's and Toscano's actions, respectively.  (Id., ¶ 22.)
28  These grievances had not been responded to as of January 15, 2025.  (Id.)  Plaintiff claims that

4

SCSD's failure to respond to plaintiff's grievances was negligent, violated Cal. Code Regs., tit. 15, § 1073, and denied him due process. (Id., ¶¶ 23-25.)

### III. Claims and Prayer for Relief

Plaintiff alleges four causes of action: (1) all defendants violated due process in violation of the Fourteenth Amendment of the Constitution, 42 U.S.C. § 1983; (2) defendants Toscano and Rose were wrongful and negligent in failing to discharge their duties, Cal. Gov't Code §§ 820, 820.8; (3) Defendants SCSD and Sheriff Cooper are liable for the wrongful and negligent acts committed by defendants Toscano and Rose, Cal. Gov't Code §§ 820-820.8; and (4) Defendants SCSD and Sheriff Cooper failed to discharge duties under Cal. Gov't Code § 815.6. (ECF No. 1 at 7.) Plaintiff seeks declaratory relief, compensatory damages, costs, and any other relief the court deems proper. (Id. at 10-11, ¶¶ 27.)

## LEGAL STANDARDS

### I. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II. Municipal Liability

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). However, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

To properly plead a <u>Monell</u> claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." <u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" <u>Price v. Sery</u>, 513 F.3d 962, 966 (9th Cir. 2008) (quoting <u>Ulrich v. City & Cnty. of San Francisco</u>, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

## DISCUSSION

### I. Fourteenth Amendment Due Process (RVR Hearing)

The undersigned construes plaintiff's complaint as alleging two separate procedural due process violations. The first claims that defendants Deputy Toscano and Sgt. Rose "denied plaintiff due process" during the RVR hearing process. (ECF No. 1 at 7.) Specifically, defendants Toscano and Rose failed to provide plaintiff with a copy of the RVR allegations prior to his hearing, and in the post-hearing report falsely stated that they had.

### A. Whether Plaintiff's Procedural Due Process Claim is <u>Heck</u>-Barred

The undersigned will first sua sponte address whether plaintiff's procedural due process challenge to his RVR hearing is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).[3] In <u>Heck</u>, the Supreme Court held that incarcerated persons' claims that necessarily implied the invalidity of their conviction or sentence could not be maintained under § 1983 unless they proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[3] Although <u>Heck</u> is an affirmative defense, the Prison Litigation Reform Act permits district courts to sua sponte evaluate whether a claim is <u>Heck</u>-barred "at any time." See <u>Hebrard v. Nofziger</u>, 90 F.4th 1000, 1006 (9th Cir. 2024) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

6

federal court's issuance of a writ of habeas corpus." Id. at 486–87 (citation omitted). In Edwards v. Balisok, 520 U.S. 641, 646-48 (1997), the Supreme Court extended Heck's "favorable termination" rule to prison disciplinary proceedings that resulted in the loss of good-time credits.

The Ninth Circuit recently examined Edwards in Hebrard v. Nofziger, 90 F.4th 1000 (9th Cir. 2024). There, the Court reaffirmed Heck does not apply unless the prison's revocation of good-time credits "ha[d] an effect on 'the duration of time to be served.'" Id. at 1008-09 (quoting Nettles v. Grounds, 830 F.3d 922, 928–29, 929 n.4 (9th Cir. 2016) (en banc)). Thus, before evaluating whether Heck bars an inmate-plaintiff's claim, courts must first resolve the "preliminary issue" of "whether [plaintiff] could have used the lost earned-time credits to reduce his sentence." Id.; see also Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("Where the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the 'heart' of habeas jurisdiction," meaning that "the favorable termination rule of Heck and Edwards does not apply."); Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (declining to apply Heck-bar "[b]ecause neither prisoner's claim would necessarily spell speedier release").

Here, plaintiff describes his disciplinary punishment as "a loss of 3 days good time credits at sentencing." (ECF No. 1 at 8, ¶ 9.) Plaintiff's complaint, however, does not allege that he was sentenced. Nor is it evident from judicially noticeable state court records, Case No. 21FE007319, that plaintiff was sentenced.[4] In sum, there are no facts through which to infer that plaintiff's loss of good-time credits to be issued "at sentencing" had an actual effect on the duration of his time served. See King v. Los Angeles Cnty. Sheriff, No. CV 14-4444 AG VBK, 2015 WL 1097316, at *5 (C.D. Cal. Feb. 28, 2015) ("[T]he award of good time credits for detention after an arrest … is only applicable where a defendant is eventually tried, convicted, and sentenced.").

---

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The Sacramento County Superior Court's Public Case Access System is available at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/.

1  Accordingly, the undersigned finds that plaintiff's procedural due process claim regarding his
2  RVR hearing is not barred by Heck.  This ruling is for screening purposes only and does not
3  preclude defendants from raising Heck as an affirmative defense at a future point in the
4  proceedings.

### B.  Plaintiff's Complaint Fails to Allege a Protected Liberty Interest

Turning to the merits of plaintiff's claim, incarcerated people are entitled to certain due process protections when charged with disciplinary violations.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003).  These protections include a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the incarcerated person, and an explanation for the disciplinary action taken.  Wolff, 418 U.S. at 563–70; Serrano, 345 F.3d at 1077-78; see also Melnik v. Dzurenda, 14 F.4th 981, 985 (9th Cir. 2021) ("If a prisoner must be allowed to present evidence in his defense [under Wolff], it necessarily follows that he must have some right to prepare for that presentation.").  "[N]otice of the charges . . . and the ability to defend against those charges" is "all that notice requires under Wolff."  Ashker v. Newsom, 81 F.4th 863, 880 (9th Cir. 2023).

However, these protections "adhere only when the disciplinary action implicates a protected liberty interest[.]"  Serrano, 345 F.3d at 1078.  The Due Process Clause does not itself grant prisoners a liberty interest in good time credits.  See Wolff, 418 U.S. at 557.  However, state law can also create a liberty interest.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; see also Ramirez, 334 F.3d at 860 ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.").  Determining whether a prison hardship is "atypical and significant" requires "case by case, fact by fact consideration."  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).  A key factor courts should consider is whether the hardship "will invariably affect the duration of the prisoner's sentence."  Sandin, 515 U.S. at 486-87; Keenan, 83 F.3d at 1089.

    Even assuming California law creates a liberty interest in good-time credits, as discussed in the Heck analysis above, plaintiff does not allege that his loss of good-time credits at sentencing affected the duration of confinement. Again, it is not clear from the face of the complaint or from judicially noticeable court documents whether plaintiff was sentenced or if the loss of good-time credits extended his time in custody in any way. While it appears from the complaint that defendants did not provide a written statement of the charges as required by Wolff, plaintiff has not alleged a protected liberty interest that triggered that protection. See Kohut v. Martin, No. 1:22-CV-0472 HBK PC, 2023 WL 8977215, at *4 (E.D. Cal. Dec. 28, 2023) (finding no protected liberty interest where plaintiff pled no facts to indicate his guilty RVR finding "will inevitably affect the duration of his sentence"). Accordingly, plaintiff has not stated a cognizable procedural due process claim regarding the RVR disciplinary proceeding.

    Plaintiff will be given an opportunity to amend his complaint and explain how the RVR ruling affected the duration of his sentence. See Sandin, 515 U.S. at 486-87. In light of the obvious Heck implications of such an allegation, plaintiff is further encouraged to plead, if he can, that he has succeeded in invalidating the RVR hearing by habeas. Finally, while plaintiff alleges that he received "multiple" other punishments besides the loss of good-time credits, he does not name them. Thus, leave to amend is also appropriate because it is thus at least hypothetically possible that he can allege other "atypical and significant" hardships resulting from the RVR hearing that implicate protected liberty interests.

**II.     Fourteenth Amendment Due Process (Grievance Appeal)**

    The undersigned liberally construes plaintiff's complaint as also alleging a procedural due process claim against the municipal defendants[5] regarding the grievance process for contesting disciplinary actions. Plaintiff alleges Defendants SCSD and Sheriff Cooper failed to "discharge [their] duties to provide an adequate grievance process and adhere to grievance requirements" mandated by the Title 15 regulations, specifically by not responding to plaintiff's grievances

---

[5] This includes the Sacramento County Sheriff's Department and defendants Cooper, Toscano, and Rose in their respective official capacities. See Monell, 436 U.S. at 690, n.55 ("[L]ocal government officials sued in their official capacities are "persons" under § 1983 in those cases in which … a local government would be suable in its own name.").

9

concerning defendants Toscano and Rose. (ECF No. 1 at 10 (emphasis in original).)

Plaintiff's second due process claim also fails to allege a protected liberty interest. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez, 334 F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)); see also Hernandez v. Cate, 918 F. Supp. 2d 987, 1009 (C.D. Cal. 2013) (dismissing plaintiff's due process claim challenging the adequacy of the prison's administrative appeal procedure and the disposition of his appeals); Henderson v. Muniz, 196 F. Supp. 3d 1092, 1104 (N.D. Cal. 2016) ("[C]ourts have held that there is no due process liability for failing to process or decide an inmate appeal properly"). "Only if a party has shown a liberty interest does the Due Process Clause require procedural protections before the state may deprive the party of his state-conferred interest." Johnson v. Ryan, 55 F.4th 1167, 1194 (9th Cir. 2022). Accordingly, plaintiff's procedural process claim premised on inadequate administrative grievance procedures fails to state a claim for relief.

**III.    Plaintiff's State Claims Fail for Noncompliance with Claim Presentation Rules**

Plaintiff's final three claims allege negligence and other state law torts arising under the California Government Code. For the reasons set forth below, plaintiff's three state claims are dismissed for failure to comply with tort claim presentation requirements.

The Government Claims Act, Cal. Gov't Code §§ 810 et seq. ("GCA"), "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting State of California v. Superior Court, 32 Cal. 4th 1234, 1243 (2004)). "The timely presentation of a claim under the [GCA] is not merely a procedural requirement but is an actual 'element of the plaintiff's cause of action.'" Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) (quoting Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007)).

Here, plaintiff checked the box on the complaint form indicating he has complied with applicable claims statutes. (ECF No. 1 at 6.) However, plaintiff did not attach the tort claim or allege any facts that would allow the court to infer his actual compliance with the GCA. "[A] bare allegation that the [GCA] has been followed would seem to be a mere conclusion that is insufficient under Iqbal and Twombly[.]" Young v. City of Visalia, 687 F.Supp.2d 1141, 1152 (E.D. Cal. 2009); see also Cardenas, 476 F. Supp. 3d at 1070 (allegation that "Plaintiffs filed timely administrative 'tort' claims" was "mere legal conclusion" warranting dismissal of state law claims). Accordingly, plaintiff's state law claims are dismissed. Because plaintiff's failure to plead compliance with the GCA can be fixed, he will be given leave to amend.

### IV. Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state valid claims for relief pursuant to the Due Process Clause of the Fourteenth Amendment or the California Government Code. Plaintiff's procedural due process claims do not allege violations of any protected liberty interest, and his state claims fail for noncompliance with the GCA tort claim presentation requirements. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is encouraged to review the relevant legal standards governing his potential claims for relief that are laid out above. Further, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

     Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### PLAIN LANGUAGE SUMMARY OF ORDER FOR PARTY PROCEEDING PRO SE

     Your complaint has been removed to federal court by defendants. The federal court is required to screen your complaint to determine if it states claims for relief. Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards laid out above. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's request for screening (ECF No. 4) is GRANTED.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:25-CV-1542 SCR P**, and must be labeled "**First Amended Complaint.**"

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 28, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE