UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>             Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>             Defendants. | No.  2:25-cv-01542 TLN SCR P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated in county jail and proceeds pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's post-removal, first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.[1]  (ECF No. 9.)  Because plaintiff's FAC shed his federal claims, the Court cannot exercise supplemental jurisdiction over the remaining state-law claims.  See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025) ("Royal Canin").  Accordingly, the undersigned recommends that plaintiff's FAC be remanded to state court.

////

---

[1] Plaintiff explained in a notice of errata (ECF No. 10) that he inadvertently attached tort claim documents meant to be filed in Hill v. Sacramento County, et al., 2:25-cv-02181 DJC EFB (E.D. Cal.).  The undersigned will disregard those pages of the FAC (ECF No. 9 at 11-14).

1

**PROCEDURAL BACKGROUND**

Plaintiff filed his original complaint in Sacramento County Superior Court on February 24, 2025.  The complaint alleged a § 1983 Fourteenth Amendment procedural due process claim and three state-law claims arising from jail disciplinary proceedings.  (ECF No. 1 at 7.)  On June 2, 2025, defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this court.  (ECF No. 1.)  In a screening order dated July 29, 2025, the undersigned determined plaintiff's § 1983 claim established federal question jurisdiction and exercised supplemental jurisdiction over plaintiff's state-law claims.  (ECF No. 8.)  However, the undersigned concluded plaintiff's complaint failed to state any claims upon which relief can be granted.  (Id.)  Plaintiff was given leave to file an amended complaint.  (Id. at 14.)

**PLAINTIFF'S FAC**

Plaintiff filed his FAC on September 2, 2025.  Its factual allegations concern procedural violations during jail disciplinary proceedings and largely track those in the original complaint.  However, the FAC's due process claim no longer references the Fourteenth Amendment and 42 U.S.C. § 1983.  All four claims now cite only to provisions of California state law:

1) Defendants Toscano, Rose and Sac. Co Sheriff's Office – Jim Cooper Denied Plaintiff Due Process Under Cal. Code of Regulations, Title 15, § 1081(b), and Article I, § 7 of the California Constitution.

2) Defendants Toscano, Rose and Sac. Co. Sheriff's Office – Jim Coopper, Were Wrongful and Negligent Under Gov. Code § 820.8.

3) Defendants Toscano and Rose are Liable Under Gov. Code Sections 820 and 820.8 for Their Acts and Omissions As Alleged Herein.

4) Defendant Sac. Co. Sheriff's Office – Jim Cooper is Liable Under Gov. Code [§] 815.2 for the Acts and Omissions of Defs. Toscano And Rose as Alleged Herein.

(ECF No. 9 at 10.)  On the caption page, plaintiff asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1367 only.  (Id. at 1.)

**DISCUSSION**

Plaintiff's FAC does not allege any federal causes of action.  As discussed above, its due process claim now arises under state law instead of the Fourteenth Amendment.  Further, the FAC identifies 28 U.S.C. § 1367, the statute governing supplemental jurisdiction, as the sole basis of

2

1  federal jurisdiction. Before screening the FAC's substantive claims, the undersigned will
2  consider, sua sponte, whether federal jurisdiction still exists. See 28 U.S.C. § 1447(c) (requiring
3  remand "at any time before final judgment" if the district court lacks subject matter jurisdiction).
4       In Royal Canin, 604 U.S. at 25, the Supreme Court resolved the question presented here:
5  "What happens if, after removal, the plaintiff amends h[is] complaint to delete all the federal-law
6  claims, leaving nothing but state-law claims behind?" The Supreme Court held that "when an
7  amendment excises federal law claims that enabled removal, the federal court loses its
8  supplemental jurisdiction over the related state-law claims. The case must therefore return to
9  state court." Id. at 25-26.
10      Plaintiff unambiguously amended his complaint to shed the § 1983 claim that enabled
11 removal on the basis of federal question jurisdiction. Thus, despite plaintiff's assertion of
12 continuing federal jurisdiction under § 1367, the undersigned may not exercise supplemental
13 jurisdiction over his remaining state-law claims. "In the superseding pleading, the state-law
14 claims are just state-law claims, outside § 1367(a)'s purview." Royal Canin, 604 U.S. at 34.
15 Accordingly, it is recommended that the action be remanded to the Sacramento County Superior
16 Court. See Gardea v. California, No. 2:24-CV-3383 DAD AC (PC), 2025 WL 1644149, at *1
17 (E.D. Cal. June 10, 2025) (granting motion to remand and noting the court "lacks discretion to do
18 otherwise pursuant to . . . Royal Canin").

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. The case be remanded to the Sacramento County Superior Court, Case No. 25CV004622.
2. That the Clerk of the Court be directed to send a certified copy of the Order adopting these findings and recommendations to the Sacramento County Superior Court, and to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4